Honorable William P. Hobby Lieutenant Governor of Texas P. O. Box 12068, Capitol Station Austin, Texas 78711
 Honorable Gib Lewis Speaker Texas House of Representatives P. O. Box 2910 Austin, Texas 78769
 Honorable Grant Jones Chairman Senate Finance Committee Texas State Senate P. O. Box 12068, Capitol Station Austin, Texas 78711
 Honorable Jim Rudd Chairman House Appropriations Committee Texas House of Representatives P. O. Box 2910 Austin, Texas 78769
Re: Whether interest on non-constitutional funds in state highway fund may be appropriated for general revenue purposes
Gentlemen:
You ask whether interest on non-constitutional funds in the state highway fund may be appropriated for general revenue purposes by rider to the General Appropriations Act.
Article VIII, section 7-a, of the Texas Constitution dedicates to highway purposes
 all net revenues remaining after payment of all refunds allowed by law and expenses of collection derived from motor vehicle registration fees, and all taxes, except gross production and ad valorem taxes, on motor fuels and lubricants used to propel motor vehicles over public roadways. . . .
The interest on the motor vehicle registration fees and fuel taxes dedicated to highway purposes by article VIII, section 7-a, must also be used for highway purposes. A diversion of that interest to other purposes would violate article VIII, section 7
of the Texas Constitution. Lawson v. Baker, 220 S.W. 260
(Tex.Civ.App.-Austin 1920, writ ref'd); see also V.T.C.S. art. 2543d.
Article VIII, section 7-a, of the Texas Constitution does not actually establish a state highway fund, or refer to the fund by name. The fund was created by statutes which predate the adoption of article VIII, section 7-a, in 1946. See Tex. H.J.Res. 49, 49th Leg., 1945 Tex. Gen. Laws 1049. Article 6694, V.T.C.S., which derives from a 1917 statute, provides that
 [a]ll funds coming into the hands of the Commission derived from the registration fees or other sources provided for in this subdivision, as collected, shall be deposited with the State Treasurer to the credit of a special fund designated as `The State Highway Fund'. . . .
Acts 1917, 35th Leg., ch. 190, § 23, at 424. Sections 153.503 through 153.505 of the Texas Tax Code allocate motor fuel taxes to the state highway fund. These provisions are the current codification of statutes enacted in 1941. Acts 1941, 47th Leg., ch. 184, art. XVII, § 25 at 330. The approval of article VIII, section 7-a, in 1946 gave constitutional status to dedications of funds already required by statute.
There are statutory dedications of monies to the state highway fund which do not have constitutional status. Article 6673a, V.T.C.S., requires funds derived from the sale of excess land to be placed in the state highway fund. Federal aid money and county aid money is deposited in the state treasury to the credit of the state highway fund. V.T.C.S. art. 6674e. Article 6674f, V.T.C.S., provides for certain transfers of general revenue to the state highway fund.
The state highway fund therefore is not a constitutional fund in its entirety. It consists of funds dedicated to highway purposes by the constitution as well as funds statutorily required to be placed in the highway fund. It thus can be described as a collection of constitutional and non-constitutional funds. Only the constitutionally dedicated registration fees and motor vehicle fuel taxes are subject to the rule that interest must be spent for constitutionally authorized purposes. See V.T.C.S. art. 2543d; Lawson v. Baker, supra. The interest on state funds dedicated by statute to highway purposes may be legally severed and placed in the general revenue fund. See Gulf Insurance Co. v. James, 185 S.W.2d 966 (Tex. 1945) (article VIII, section 7, of Texas Constitution applies only to special funds created by the constitution, not by statutes); Attorney General Opinion MW-338
(1981); see also Brazos River Conservation Reclamation District v. McCraw, 91 S.W.2d 665 (Tex. 1936) (article VIII, section 7, of the Texas Constitution does not apply to general revenue funds).
Article 2543d, V.T.C.S., severs the interest from the principal of non-constitutional funds placed in state depositories.
Section 1. Interest received on account of time deposits of moneys in funds and accounts in the charge of the State Treasurer shall be allocated as follows: To each constitutional fund there shall be credited the pro rata portion of the interest received due to such fund. The remainder of the interest received, with the exception of that portion required by other statutes to be credited on a pro rata basis to protested tax payments, shall be credited to the General Revenue Fund. The interest received shall be allocated on a monthly basis.
Interest on constitutional funds must be credited to the constitutional fund and interest on trust funds must be credited to the trust fund. See Attorney General Opinions JM-306 (1984);MW-82 (1979); H-1040 (1977); M-468 (1969). Attorney General Opinion M-468 (1969) held that certain federal grant funds were trust funds, and that interest on them could not be transferred to general revenue but remained part of the trust fund.
Article 2543d, V.T.C.S., placed in the general revenue fund interest on certain monies in the state highway fund, i.e., those which are neither trust funds nor constitutionally dedicated revenues. The legislature may appopriate by rider interest which article 2543d, V.T.C.S., placed in the general revenue fund, so long as the rider is not inconsistent with general law. The validity of a particular rider depends on its only appropriating funds or limiting an item of appropriation. See Tex. Const. art. III, § 35; Jessen Associates, Inc. v. Bullock, 531 S.W.2d 593
(Tex. 1975); Moore v. Sheppard, 192 S.W.2d 559 (Tex. 1946).
 SUMMARY
Interest earned on non-constitutional funds in the state highway fund may be appropriated for general revenue purposes.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Tom Green First Assistant Attorney General
 David R. Richards Executive Assistant Attorney General
 Robert Gray Special Assistant Attorney General
 Rick Gilpin Chairman, Opinion Committee
 Prepared by Susan L. Garrison Assistant Attorney General